MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone: (310) 271-6223
Facsimile: (310) 271-9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession,
Form Los Angeles LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Form Los Angeles LLC,<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 2:26-bk-13976-DS<br><br>Chapter 11 (Subchapter V)<br><br>[Honorable Deborah J. Saltzman]<br><br>**DEBTOR'S REPLY TO BARCLAYS' OBJECTION TO CONFIRMATION OF SUBCHAPTER V PLAN**<br><br><u>Plan Confirmation Hearing</u>:<br>Date: October 20, 2026<br>Time: 1:00 p.m.<br>Place: Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

## I. INTRODUCTION

Debtor and Debtor-in-possession Form Los Angeles LLC (the "Debtor") submits this reply to the objection filed by Adam and Kym Barclay ("Barclays") [Dkt. 91] to confirmation of the Debtor's Subchapter V plan [Dkt. 50] (the "Plan"). The Objection raises concerns regarding plan feasibility, the proposed distribution to general unsecured creditors, and the Debtor's operating expenditures, including compensation for its founder and chief executive officer, Jordan Mosslar, and a business vehicle.

The Debtor's Plan is feasible and proposes a distribution to general unsecured creditors based on the Debtor's disposable income and liquidation analysis. The expenditures in the projections for compensation of Debtor's principal, Mr. Mosslar and the vehicle expense are justified. These expenses have been authorized after proper notice was given to secured and 20 largest unsecured creditors of Mr. Mosslar's insider compensation, which included a category for car allowance. The Notice of Insider Compensation was served on Barclays. A true and correct copy of the Notice of Insider Compensation for Mr. Mosslar is attached to Jordan Mosslar's Declaration ("Mosslar Declaration") as Exhibit-1.

## II. THE PLAN IS FAIR AND EQUITABLE AND DOES NOT DISCRIMINATE UNFAIRLY TO EACH IMPAIRED NONCONSENTING CLASS

Because the Plan seeks nonconsensual confirmation, section 1191(b) permits confirmation notwithstanding nonacceptance by an impaired class if the applicable requirements of section 1129(a), other than paragraphs (8), (10), and (15), are met, and the Plan does not discriminate unfairly and is fair and equitable to each impaired nonaccepting class. For an unsecured class, section 1191(c)(2) requires commitment of projected disposable income over the applicable three-to-five-year period or property distributions having a value not less than that amount. Section

1191(d)(2) expressly excludes expenditures reasonably necessary to continue, preserve, or operate the business from disposable income. Feasibility remains an independent requirement under section 1129(a)(11).

**III. ARGUMENT**

A. The CEO/Creative Director Compensation Is an Operating Expense, Not an Improper Diversion to Equity.

The Debtor's founder, Jordan Mosslar, performs both the chief executive and creative director functions. His proposed compensation is $180,000 annually ($15,000 monthly), down from approximately $340,835.00 received in 2025. The Debtor's market compensation analysis, a true and correct copy of which is attached to Mosslar Declaration as Exhibit-2, reports Los Angeles executive creative director compensation averaging approximately $349,796 and president/CEO compensation averaging approximately $312,000.

Barclays propose that the Court treat Mosslar's insider compensation as disposable income and increase the plan payments to unsecured creditors. This argument is flawed in many ways. First, the Debtor's principal is entitled to be compensated for the work performed which keeps the business operation intact. Mosslar is the founder and creative director of the Debtor. Without him, his reputation, and creativity in designing the furniture, the Debtor would not exist. The applicable question under section 1191(d)(2) is therefore whether the expenditure is reasonably necessary for business operations. Here, management, design direction, client relationships, vendor coordination, and revenue generation are all managed by Jordan Mosslar. Eliminating or materially reducing the compensation without regard to the work performed will negatively impact the Debtor's revenue and will eventually lead to business failure.

Mosslar's compensation is justified. Notice Mosslar's Notice of Setting Insider Compensation was given to secured and 20 largest unsecured creditors, including Barclays. No objection to Insider Compensation was raised by Barclays until two weeks prior to plan confirmation, on October 6, 2026. The objection is unfounded and should be overruled.

B. <u>The Vehicle Expenditure Is An Allowed Business Expense, Included in Notice of Insider Compensation Which Was Unopposed by Barclays</u>

Barclays question the Range Rover expense. According to the Debtor's disclosure, the Range Rover costs approximately $2,400 per month, is paid by the business, and is used for client meetings, site visits, and showroom visits. The Notice of Insider Compensation included a car allowance for $2,440 which Barclays did not object to.

C. <u>The Plan Comments the Debtor's Disposable Income to Pay Holders of Class 3</u>

The Plan proposes a distribution to Class 3 general unsecured creditor of approximately 7.8%. The objection contends that certain customers' order deposits and reserved funds should be considered in the disposable-income calculation. The Debtor submits that customer deposits associated with outstanding performance obligations cannot be analyzed as unrestricted surplus without accounting for the corresponding cost of fulfilling those orders, refunds, and other required operating expenditures. Likewise, any alleged $300,000 reserve must be evaluated against actual contractual obligations, timing, and the Debtor's cash-flow forecast.

The Debtor maintains that the proposed distribution is appropriate when legitimate costs of performance and continuation of the business are included. It is not legally required to increase monthly plan funding by $1,000 merely because an objecting creditor seeks a higher recovery, absent evidence that the existing proposal fails section 1191(c)(2).

D. The Plan is Feasible

The objection relies on monthly operating reports, alleged negative operating cash flow, and discrepancies between historical results and the Debtor's five-year projections. Historical losses do not conclusively establish that the proposed projections are unreliable. Section 1129(a)(11) requires a showing that confirmation is not likely to be followed by liquidation or further reorganization. It does not require a guarantee of success.

E. The Plan Does Not Unfairly Discriminate Merely Because Customer Deposits Receive Different Treatment.

The objection challenges the separate treatment of customer deposit creditors and other general unsecured claims. Distinct classification or treatment is not per se prohibited, as long as the Court finds such treatment to be fair. Customer deposits tied to unfulfilled orders may implicate ongoing performance, corresponding production costs, and the preservation of future business relationships. The Debtor submits that performance of outstanding customer orders is materially different from distributing unrestricted cash on prepetition unsecured debt, and that treating those obligations in a manner that permits ongoing operations can benefit the estate.

F. Debtor Disputes the Amended Claim Filed By California Department of Tax and Fee Administration and Intends to Object, Unless Resolved Informally

Debtor acknowledges that an amended proof of claim was filed by California Department of Tax and Fee Administration, arising from a preliminary audit results. The Debtor disputes some of the parts of the assessment and plans to object to CDTFA's claim, unless the Debtor is able to resolve the objection through discussion with CDTFA through its counsel.

## IV. REQUEST FOR RELIEF

For these reasons, the Debtor respectfully requests that the Court overrule the objection and confirm the Plan. Alternatively, if the Court determines that additional documentation or clarification is necessary concerning compensation, vehicle use, customer deposits, cash reserves, or feasibility, the Debtor requests a brief continuance to file supplemental papers with the Court.

Dated: 10/13/2026

By: /s/ Michael Jay Berger
Michael Jay Berger
Sofya Davtyan
Counsel for Debtor-in-Possession
Form Los Angeles LLC

**DECLARATION OF JORDAN MOSSLAR**

I, Jordan Mosslar, declare and state as follows:

1. I am the managing member of Form Los Angeles LLC, the debtor and debtor-in-possession in the above-captioned matter (the "Debtor" or "Form LA"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. The Debtor's Plan is feasible and proposes a distribution to general unsecured creditors based on the Debtor's disposable income and liquidation analysis. The expenditures in the projections for my compensation and the vehicle expense are justified. These expenses have been authorized after proper notice of my Insider Compensation Notice was given to secured and 20 largest unsecured creditors which included a category for car allowance. The Notice of Insider Compensation was served on Barclays. A true and correct copy of my Notice of Insider Compensation is attached hereto as Exhibit-1.

3. As Debtor's founder, I perform both the chief executive and creative director functions. My proposed compensation is $180,000 annually ($15,000 monthly), down from approximately $340,835.00 I received in 2025. The Debtor's market compensation analysis, a true and correct copy of which is attached hereto as Exhibit-2, reports Los Angeles executive creative director compensation averaging approximately $349,796 and president/CEO compensation averaging approximately $312,000.

4. As Debtor's principal, I am entitled to be compensated for the work performed which keeps the business operation intact. I am the creative director of the Debtor. Without my involvement, my reputation, and creativity in designing the furniture, the Debtor would not exist. The management, design direction, client relationships, vendor coordination, and revenue generation are all managed by me. Eliminating or materially reducing my compensation without regard to the work performed will negatively impact the Debtor's revenue and will eventually lead to business failure.

5. The Range Rover costs approximately $2,400 per month, is paid by the business, and is used for client meetings, site visits, and showroom visits. The Notice of My Insider Compensation included a car allowance for $2,440 which Barclays did not object to.

6. The Plan proposes a distribution to Class 3 general unsecured creditor of approximately 7.8%. The objection contends that certain customers' order deposits and reserved funds should be considered in the disposable-income calculation. The Debtor submits that customer deposits associated with outstanding performance obligations cannot be analyzed as unrestricted surplus without accounting for the corresponding cost of fulfilling those orders, refunds, and other required operating expenditures. Likewise, any alleged $300,000 reserve must be evaluated against actual contractual obligations, timing, and the Debtor's cash-flow forecast.

7. The objection relies on monthly operating reports, alleged negative operating cash flow, and discrepancies between historical results and the Debtor's five-year projections. Historical losses do not conclusively establish that the proposed projections are unreliable. The Debtor needs to show that confirmation is not likely to be followed by liquidation or further reorganization. It does not require a guarantee of success. The Plan is supported by Debtor's projections. Notwithstanding, if the Court requests that the Debtor provide additional information and documents to support feasibility of its Plan, the Debtor respectfully requests an opportunity to do so.

8. The objection challenges the separate treatment of customer deposit creditors and other general unsecured claims. Distinct classification or treatment is not per se prohibited, as long as the Court finds such treatment to be fair. Customer deposits tied to unfulfilled orders may implicate ongoing performance, corresponding production costs, and the preservation of future business relationships. The Debtor submits that performance of outstanding customer orders is materially different from distributing unrestricted cash on prepetition unsecured debt, and that treating those obligations in a manner that permits ongoing operations can benefit the estate.

9. Debtor acknowledges that an amended proof of claim was filed by California Department of Tax and Fee Administration, arising from a preliminary audit results. The Debtor disputes some of the parts of the assessment and plans to object to CDTFA's claim, unless the Debtor is able to resolve the objection through discussion with CDTFA through its counsel.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 13, 2026 at Los Angeles, California.

Jordan Mosslar

**EXHIBIT-1**

| | |
|---|---|
| Attorney Name, Address, Telephone and FAX<br>MICHAEL JAY BERGER (State Bar # 100291)<br>SOFYA DAVTYAN (State Bar # 259544)<br>LAW OFFICES OF MICHAEL JAY BERGER<br>9454 Wilshire Blvd. 6th Floor<br>Beverly Hills, CA 90212-2929<br>Telephone: (310) 271-6223<br>E-mail: Michael.Berger@bankruptcypower.com<br>E-mail: Sofya.Davtyan@bankruptcypower.com | File with U.S. TRUSTEE Only |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re<br>FORM LOS ANGELES LLC,<br>Debtor(s) | Chapter 11 Case Number<br>2:26-bk-13976-DS |
| **NOTICE OF SETTING/INCREASING INSIDER COMPENSATION** | |

| | |
|---|---|
| 1. Name of Insider. | JORDAN MOSSLAR |
| 2. Relationship to Debtor (i.e. owner, partner, officer, director, shareholder). | SOLE MEMBER |
| 3. Date when relationship with Debtor commenced: | 12.21.2021 |
| 4. Position title: | OWNER/CEO |
| 5. Position Description: | FOUNDER / OWNER / CREATIVE DIRECTOR |
| 6. Assigned Duties: | CEO - CREATIVE DIRECTOR |
| 7. Date employed in current position: | 12.21.2021 |
| 8. If previously employed by Debtor within past two years in a different position, state position(s) and date(s). | |
| 9. Number of hours worked per week: | 40 |
| 10. Total amount of compensation and payment interval: | $18,828 PER MONTH ($15,000 PER MONTH BASE SALARY) |
| 11. Breakdown of compensation (specify amount and payment interval. | |
| Salary: | $180,000 |
| Perquisites (total, detail below): | |

| | |
|---|---|
| Car Allowance: | $2440 - LAND ROVER (CO-OWNER WITH FORM LOS ANGELES) |
| Medical Insurance: | $988 |
| Life Insurance: | |
| Business Expenses: | $150 DRY CLEANING PER MONTH |
| Other (Specify): | GAS $250 PER MONTH |
| 12. Identify the source of the funds to be used to pay compensations specified in No. 10: | Small Business Checking - 0160 |
| 13. Date and amount of last increase in compensation: | COMPENSATION DECREASE 05.01.2025 FROM $30,000 PER MONTH |
| 14. Identify any creditor who asserts a security interest (whether or not Debtor disputes the validity thereof) in the receipts generated by the operation of the Debtor=s business and the amount of its claim: | 1. Forward Financing<br>2. Shopify Capital<br>3. Oakwood Capital (90-day preference) |
| 15. Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms): | |
| Compensation: | |
| Loans: | |
| Perquisites (Specify): | |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated: 05.01.2026

JORDAN MOSSLAR
Print Name and Title of Authorized Agent for Debtor

Jordan Mosslar
Signature of Authorized Agent for Debtor

Attach proof of service on Creditors– Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.

If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.

If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

671124

☐ Final K-1 ☐ Amended K-1 OMB No. 1545-0123

**Schedule K-1 (Form 1120-S)** **2025**

Department of the Treasury Internal Revenue Service

For calendar year 2025, or tax year beginning / / ending / /

## Shareholder's Share of Income, Deductions, Credits, etc.

See separate instructions.

### Part I Information About the Corporation

**A** Corporation's employer identification number
87-4092226

**B** Corporation's name, address, city, state, and ZIP code
FORM LOS ANGELES L.L.C.
1155 N LA CIENEGA BLVD PH9
WEST HOLLYWOOD, CA 90069

**C** IRS Center where corporation filed return
e-file

**D** Corporation's total number of shares
Beginning of tax year ..... 100
End of tax year ..... 100

### Part II Information About the Shareholder

**E** Shareholder's identifying number
[redacted]

**F1** Shareholder's name, address, city, state, and ZIP code
JORDAN MOSSLAR
1330 N HARPER AVE #104
WEST HOLLYWOOD, CA 90046

**F2** If the shareholder is a disregarded entity, a trust, an estate, or a nominee or similar person, enter the individual or entity responsible for reporting:
TIN ______ Name ______

**F3** What type of entity is this shareholder? Individual

**G** Current year allocation percentage ..... 100 %

**H** Shareholder's number of shares
Beginning of tax year ..... 100
End of tax year ..... 100

**I** Loans from shareholder
Beginning of tax year ..... $
End of tax year ..... $

FOR IRS USE ONLY

### Part III Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items

| | | |
|---|---|---|
| 1 | Ordinary business income (loss) | 340,835. |
| 2 | Net rental real estate income (loss) | |
| 3 | Other net rental income (loss) | |
| 4 | Interest income | |
| 5a | Ordinary dividends | |
| 5b | Qualified dividends | |
| 6 | Royalties | |
| 7 | Net short-term capital gain (loss) | |
| 8a | Net long-term capital gain (loss) | |
| 8b | Collectibles (28%) gain (loss) | |
| 8c | Unrecaptured section 1250 gain | |
| 9 | Net section 1231 gain (loss) | |
| 10 | Other income (loss) | |
| 11 | Section 179 deduction | |
| 12 | Other deductions | |
| 13 | Credits | |
| 14 | Schedule K-3 is attached if checked ☐ | |
| 15 | Alternative minimum tax (AMT) items | |
| 16 | Items affecting shareholder basis | D 491,800. |
| 17 | Other information | AC* STMT |
| | | AJ* STMT |
| | | V* STMT |

18 ☐ More than one activity for at-risk purposes*
19 ☐ More than one activity for passive activity purposes*

*See attached statement for additional information.

**Statement A — QBI Pass-through Entity Reporting (Schedule K-1, Box 17, Code V)**

| | |
|---|---|
| S corporation's name: FORM LOS ANGELES L.L.C. | S corporation's EIN: 87-4092226 |
| Shareholder's name: JORDAN MOSSLAR | Shareholder's identifying number: [redacted] |

| Shareholder's share of: | FORM LOS ANGELES L.L.C. ☐ PTP ☐ Aggregated ☐ SSTB | ☐ PTP ☐ Aggregated ☐ SSTB | ☐ PTP ☐ Aggregated ☐ SSTB |
|---|---|---|---|
| **QBI or qualified PTP items subject to shareholder-specific determinations:** | | | |
| Ordinary business income (loss) | 340,835. | | |
| Rental income (loss) | | | |
| Royalty income (loss) | | | |
| Section 1231 gain (loss) | | | |
| Other income (loss) | | | |
| Section 179 deduction | | | |
| Other deductions | | | |
| **W-2 wages** | 108,009. | | |
| **UBIA of qualified property** | 193,300. | | |
| **Section 199A dividends** | | | |

| Shareholder's share of: | ☐ PTP ☐ Aggregated ☐ SSTB | ☐ PTP ☐ Aggregated ☐ SSTB | ☐ PTP ☐ Aggregated ☐ SSTB |
|---|---|---|---|
| **QBI or qualified PTP items subject to shareholder-specific determinations:** | | | |
| Ordinary business income (loss) | | | |
| Rental income (loss) | | | |
| Royalty income (loss) | | | |
| Section 1231 gain (loss) | | | |
| Other income (loss) | | | |
| Section 179 deduction | | | |
| Other deductions | | | |
| **W-2 wages** | | | |
| **UBIA of qualified property** | | | |

Shareholder 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SETTING/INCREASING INSIDER COMPENSATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**
On 5/20/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2026 | Peter Garza | /s/Peter Garza |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

Label Matrix for local noticing
0973-2
Case 2:26-bk-13976-DS
Central District of California
Los Angeles
Wed May 20 19:29:46 PDT 2026

Form Los Angeles LLC
835 N La Brea Avenue
Los Angeles, CA 90038-3340

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

A.N.M. Construction
1517 W 130th Street
Gardena, CA 90249-2103

Adam and Kym Barday
c/o Law Office of Aryeh Kaufman
5482 Wilshire Blvd., PMB 1907
Los Angeles, CA 90036-4218

American Express
c/o Becket and Lee
PO Box 3001
Malvern, PA 19355-0701

California Department of Tax and
Fee Administration
P O Box 942879
Sacramento, CA 94279-0001

(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Earth Customs
1025 W Arbor Vita Street
Inglewood, CA 90301-2901

Earth Customs Inc
The Law Offices of Gary A Bemis
3870 La Sierra Ave Ste 239
Riverside, CA 92505-3528

Elavon Inc.
3250 Wilshire Blvd.
Los Angeles, CA 90010-1577

Estes Forwarding Worldwide LLC
100 Gateway Centre Pkwy, Ste 210
Richmond, VA 23235-5174

Forward Financing
77 Summer Street, Suite 402
Boston, MA 02110-1006

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Jordan Mosslar
835 N La Brea Avenue
Los Angeles, CA 90038-3340

Lab La Brea LLC
c/o Bruce Beard DDS, Mgr
22600 Ventura Blvd., #204
Woodland Hills, CA 91364-1461

Maersk Logistics and Services USA Inc
9300 Arrowpoint Boulevard
Charlotte, NC 28273-8136

Oakwood Capital
15233 Ventura Blvd., Ste 500
Sherman Oaks, CA 91403-2231

Pilot Freight
2 Braxton Way
Glen Mills, PA 19342-2379

Shi Hui Stone
Xiamen Shihui Stone Co., Ltd., 3102
No. 505 Canghudong Yili, Haicang Di
Xiamen, Fujian, China

Shopify Capital
215 South State Street, Ste 1000
Salt Lake City, UT 84111-2336

Shopify Credit
c/o Celtic Bank
268 South State Street, Ste 300
Salt Lake City, UT 84111-5314

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

TF Designs (Beck/BC Legal Group)
707 SE 3rd Ave, Floor 6
Fort Lauderdale, FL 33316-1140

Tesla
4550 Fremont Blvd.
Fremont, CA 94538

Tesla Lease Trust
4550 Fremont Blvd.
Fremont, CA 94538

The Consultancy PR (TCPR)
6363 Wilshire Blvd., Suite 311
Los Angeles, CA 90048-5728

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wells Fargo Line of Credit
PO Box 5007
Sioux Falls, SD 57117-5007

John-Patrick McGinnis Fritz (TR)
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Michael Jay Berger
9454 Wilshire Blvd 6th Fl
Beverly Hills, CA 90212-2980

Michael Jay Berger
The Law Offices of Michael Jay Berger
9454 Wilshire Blvd.
6th Floor
Beverly Hills, CA 90212-2980

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Los Angeles
Office of Finance
PO Box 53200
Los Angeles, CA 90053

Southern California Edison
PO Box 300
Rosemead, CA 91772

U.S. Bank, N.A.
PO Box 790408
Saint Louis, MO 63179-0408

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Lab La Brea, LLC

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 33 |
| Bypassed recipients | 1 |
| Total | 34 |

# EXHIBIT-2

# Market Compensation Analysis

CEO & Creative Director — Los Angeles, CA
Prepared for: Form Los Angeles LLC — Chapter 11 Plan Confirmation

**Position:** Founder / CEO / Creative Director (Dual Role)

**Location:** Los Angeles, CA

**Experience:** 10+ years in design and business operations

**Current Compensation:** $180,000/year

## Summary

Jordan Mosslar's current compensation of $180,000 is **well below market rate** for someone performing both the CEO and Creative Director roles at a Los Angeles design firm. If Form Los Angeles were to hire externally for just one of these positions — let alone both — the cost would significantly exceed what Jordan currently earns. His compensation represents a substantial discount to the company and its creditors.

## Creative Director — Los Angeles

| Source | Salary Range | Notes |
|---|---|---|
| Robert Half (2026) | $133,620 – $212,875 | General CD range |
| Glassdoor (2026) | $149,133 – $252,390 | 25th to 75th percentile |
| ZipRecruiter (2026) | $87,949 – $294,634 | Full range incl. senior |
| Built In (2026) | $152,409 average | LA market average |
| Salary.com (2026) | $122,969 – $187,760 | Median $158,900 |

## Executive Creative Director — Los Angeles

| Source | Salary Range | Notes |
|---|---|---|
| Glassdoor (2026) | $262,347 – $477,891 | 25th to 75th percentile |
| Glassdoor (2026) | $349,796 average | LA market average |

A Creative Director with 10+ years of experience operating at the executive level in Los Angeles commands **$250,000–$475,000+** in total compensation.

## CEO / President — Los Angeles

| Source | Salary Range | Notes |
|---|---|---|
| PayScale (2026) | $97,000 – $599,000 | LA President/CEO range |
| PayScale (2026) | $312,000 average | LA President/CEO average |

| | | |
|---|---|---|
| JRG Partners (2026) | $150,000 – $250,000 | Companies under $10M revenue |
| ZipRecruiter (2026) | $153,742 average | General LA CEO average |

## Founder / CEO & Creative Director (Dual Role)

| Source | Salary Range | Notes |
|---|---|---|
| Comparably (2026) | $212,017 average | Founder CEO & CD, major metro |
| Comparably (2026) | $187,350 average | Founder & CCO, US average |

## Interior Design Industry — Los Angeles

| Source | Role | Salary Range |
|---|---|---|
| Bespoke Careers (2026) | Design Director | $130,000 – $220,000 |
| Bespoke Careers (2026) | Principal | $155,000 – $250,000 |
| Bespoke Careers (2026) | CEO/President (Arch.) | $180,000 – $230,000 |

## Cost to Replace Analysis

If Form Los Angeles were to hire externally for both roles Jordan currently fills, the combined cost would be:

| Role | Conservative | Mid-Market |
|---|---|---|
| CEO / General Manager | $150,000 | $200,000 |
| Creative Director (10+ yrs, LA) | $160,000 | $250,000 |
| **Combined Cost** | **$310,000** | **$450,000** |

This does not include recruiting costs (typically 20–25% of first-year salary), benefits, onboarding time, or the risk of hiring someone unfamiliar with the company's client relationships, vendor network, and brand.

## Key Points for the Court

1. **Jordan's $180,000 compensation is below every market benchmark** for either the CEO or the Creative Director role individually — let alone both combined.
2. **The dual-role discount is significant.** Industry data shows Founder/CEO/Creative Director dual roles average $187,000–$212,000 nationally, and higher in Los Angeles. Jordan's $180,000 is at or below even the national average for this combined role.
3. **Replacing Jordan would cost the company $310,000–$450,000** in salary alone for two separate hires, plus recruiting fees and the operational disruption of losing the founder.
4. **Jordan's compensation was reduced from $500,000 to $180,000** — a 64% reduction — as part of the Chapter 11 restructuring. This demonstrates good faith and a willingness to sacrifice personal income for the benefit of creditors.
5. **Without Jordan, there is no business.** As the founder, sole creative director, and CEO, Jordan is the company. Reducing compensation further risks making the role unsustainable, which would harm all

creditors.

---

## Sources


- Robert Half — Creative Director Salary, Los Angeles (2026)
- Built In — Creative Director Salary, Los Angeles (2026)
- Glassdoor — Creative Director Salary, Los Angeles (2026)
- Glassdoor — Executive Creative Director Salary, Los Angeles (2026)
- Salary.com — Creative Director Salary, Los Angeles (2026)
- ZipRecruiter — Creative Director & CEO Salary, Los Angeles (2026)
- PayScale — President and CEO Salary, Los Angeles (2026)
- Bespoke Careers — Interior Design & Architecture Salaries, Los Angeles (2026)
- Comparably — Founder CEO & Creative Director Salary (2026)
- JRG Partners — CEO Salary Guide by Company Size (2026)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO BARCLAYS' OBJECTION TO CONFIRMATION OF SUBCHAPTER V PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/13/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jonathan Ball jb@ball-lawcorp.com
- Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- James R Felton jfelton@gblawllp.com, msingleman@gblawllp.com
- John-Patrick McGinnis Fritz (TR) jpftrustee@lnbyg.com, jpf@trustesolutions.net
- **COUNSEL FOR OBJECTING CREDITOR BARCLAYS: Karen L Grant kgrant@silcom.com**
- Noreen A Madoyan Noreen.Madoyan@usdoj.gov
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On ____________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2026 | Jay Mason | /s/Jay Mason |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |